**Judith A. LaCHAPELLE, Plaintiff,**

v.

**FECHTOR, DETWILER & CO., INC., Defendant.**

**Civ. No. 95–149–P–H.**

United States District Court, D. Maine.

Sept. 8, 1995.

Steven P. Beale, Skelton, Taintor & Abbott, Auburn, ME, for Plaintiff.

Peter S. Plumb, Ann M. Courtney, Murray, Plumb & Murray, Portland, ME, for Defendant.

## ORDER ON MOTION TO DISMISS

HORNBY, District Judge.

Judith LaChapelle has sued her former husband's former employer to recover part of a retirement account (a simplified employee pension-individual retirement account—a "SEP [1]–IRA") awarded her in a

---

1. "A SEP is a plan pursuant to which an employer makes direct contributions to its employees'

divorce decree. The employer has resisted, claiming that it is entitled to everything in the account because of the husband's fraud against the company. The employer removed the lawsuit to federal court because it contains a federal claim under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* I conclude that the divorced spouse has no right to recover under ERISA. I therefore DISMISS the ERISA count (Count I) and REMAND the state law claim, Count II, to state court.

According to the complaint, Ronald LaChapelle was employed by Fechtor, Detwiler & Co., Inc. and maintained a SEP–IRA. A June 17, 1991, separation and divorce agreement between Ronald LaChapelle and the plaintiff Judith LaChapelle awarded her a one-half interest in the SEP–IRA. The employer, however, refuses to distribute to her any part of the SEP–IRA claiming that the funds resulted from criminal activity by her former husband.

■ ERISA provides coverage only of "employee benefit plans." 29 U.S.C. § 1003(a). There are only three kinds of such plans: welfare benefit plans, pension benefit plans and plans that are both. 29 U.S.C. § 1002(3). Judith LaChapelle argues that a SEP–IRA is a welfare benefit plan under ERISA. It is not. If the SEP–IRA label alone were not enough—simplified employee *pension*-individual *retirement* ac-

count—the regulations make clear that a SEP–IRA is not a welfare plan:

> the terms "employee welfare benefit plan" and "welfare plan" are defined in section 3(1) of the Act to include plans providing "(i) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (ii) any benefit described in section 302(c) of the Labor Management Relations Act of 1947 (other than pensions on retirement or death, and insurance to provide such pensions)."

29 C.F.R. § 2510.3–1(a)(2). SEP–IRAs simply do not fit the definition. Instead, they are a "simplified employee pension," 26 U.S.C. § 408(k)(1), using the vehicle of an "individual retirement account or individual retirement annuity." *Id.* Nothing in the regulations suggests that SEP–IRAs should be considered welfare benefit plans. The fact that the regulations exclude IRAs (not SEP–IRAs) from the definition of "employee pension benefit plan" and "pension plan," 29 C.F.R. § 2510.3–2(d), does not thereby turn IRAs or SEP–IRAs into welfare benefit plans.[2]

■ I do not decide whether a SEP–IRA is a pension benefit plan because the plaintiff concedes that it is not[3] and because LaCha-

---

individual retirement accounts or individual retirement annuities as defined under I.R.C. §§ 408(a) and (b). 26 U.S.C. § 408(k). An essential characteristic of a SEP is that the employee must be permitted to make withdrawals from the plan. 26 U.S.C. § 408(k)(4)." *In re Taft*, 171 B.R. 497, 498 (Bankr.E.D.N.Y.1994) (footnote omitted).

**2.** In the statutory lists defining coverage under various parts of ERISA, welfare benefit plans are separate categories from IRAs. *See* 29 U.S.C. §§ 1051(1), (6) and 1081(a)(1), (6).

**3.** The issue is otherwise arguable. The Department of Labor regulation that clarifies "employee pension benefit plan" excludes only those IRAs "described in section 408(a) of the [Internal Revenue] Code." SEP–IRAs are described at I.R.C. § 408(*k*) (emphasis added). The regulation's other exclusions also do not fit SEP–IRAs:

(i) No contributions are made by the employer or employee association; (ii) Participation is

completely voluntary for employees or members; (iii) The sole involvement of the employer or employee organization is without endorsement to permit the sponsors to publicize the program to employees or members, to collect contributions through payroll deductions or dues checkoffs and to remit them to the sponsor; and (iv) The employer or employee organization receives no consideration....

29 C.F.R. § 2510.3–2(d). Instead, the main purpose of SEP–IRAs is to enable employer contributions, I.R.C. § 408(k)(1)–(3), and once an employer establishes a SEP–IRA, all eligible employees must participate. I.R.C. § 408(2). Moreover, the Department of Labor's refusal to address the question whether SEP–IRAs are subject to ERISA would seem at least to signal uncertainty as to the answer. Dep't Labor Op. Letter # 81–026A (March 3, 1981) ("... [in this letter] the Department is not rendering[,] an opinion as to whether the SEP proposed by the Company is an employee pension benefit plan.... [But] when employees roll over funds

pelle lacks standing to bring this ERISA action for breach of fiduciary duty under ERISA, 29 U.S.C. § 1109. Such a civil enforcement action may be brought by the Secretary of Labor, a participant, beneficiary or fiduciary. 29 U.S.C. § 1132(a)(2). LaChapelle is none of these. She is not a "beneficiary" because she was not designated by her former husband as a beneficiary. 29 U.S.C. § 1002(8). To be sure, she is a divorcee with a decree assigning her rights in the account, and Part 2 of the statute, which sets forth Participation and Vesting Requirements, provides that an "alternate payee" under a "qualified domestic relations order" (QDRO) shall also be considered a beneficiary. Unfortunately for LaChapelle, Part 2 also excludes all IRAs described in section 408 of Title 26. 29 U.S.C. § 1051(6). SEP-IRAs are specifically described in I.R.C. § 408(k). Thus, LaChapelle cannot be an alternate payee.

■ Finally, LaChapelle also asserts beneficiary status under ERISA because her divorce decree satisfies the standards for an IRA transfer incident to a divorce. I.R.C. § 408(d)(6); § 71(b)(2). Under the Internal Revenue Code, such a transfer

> is not to be considered a taxable transfer made by such individual notwithstanding any other provision of this subtitle, and such interest at the time of the transfer is to be treated as an individual retirement account of such spouse, and not of such individual. Thereafter, such account or annuity for purposes of this subtitle is to be treated as maintained for the benefit of such spouse.

26 U.S.C. § 408(d)(6). This statutory provision is directed at tax treatment of IRAs, not at standing as a beneficiary or alternate payee to bring an ERISA civil enforcement action. *See Reklau v. Merchants Nat'l Corp.*, 808 F.2d 628, 631 (7th Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836

(1987) (Internal Revenue Code provisions do not create substantive rights under ERISA that can be enforced by an individual in a private cause of action as a participant under a tax-qualified pension plan (citing *Cowan v. Keystone Employee Profit Sharing Fund*, 586 F.2d 888, 890 n. 3 (1st Cir.1978) ("This section [I.R.C. § 401] does not appear to create any substantive rights that a beneficiary of a qualified retirement trust can enforce.")). Thus, the plaintiff has no standing to bring a civil enforcement action under ERISA by virtue of the provisions of I.R.C. § 408(d)(6). *Kwatcher v. Massachusetts Serv. Employees Pension Fund*, 879 F.2d 957, 965 (1st Cir.1989) (ERISA standing provisions are to be construed narrowly).

Accordingly, the motion to dismiss Count I is GRANTED and the remainder of the action is REMANDED to state court.[4]

SO ORDERED.

---

from SEP–IRAs connected with an employer's SEP to deposit them in separate IRAs, which otherwise are not employee pension benefit plans within the meaning of ERISA section 3(2)(A) as clarified by regulation section 2510.3–2(d), the IRAs receiving such funds do not thereby become IRAs meeting the definition of an 'employee pension benefit plan' within the meaning of ERISA

title I.") *See In re Schlein*, No. 90–0594–CI-VORL18, 1992 WL 404741, at *4 (M.D.Fla. June 23, 1992), *rev'd on other grounds*, 8 F.3d 745, 747 (11th Cir.1993).

**4.** Oral argument would not be helpful on the issues as framed and the plaintiff's request for oral argument is therefore DENIED.